IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>JAVIER BRAVO,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:07-CR-227 TS |

　　This matter came before the Court on August 22, 2007, for hearing on Defendant's Motion to Dismiss for violation of the Speedy Trial Act.

　　The Speedy Trial Act provides: "Any information or indictment charging an individual with the commission of any offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."[1] Among the time periods excluded by subsection 3161(h)(1) are "[a]ny period of delay

---

[1] 18 U.S.C. § 3161(b).

1

resulting from other proceedings concerning the defendant, including but not limited to . . . (F) delay resulting from any pretrial motion."[2]

Dismissal is mandatory if there is a violation of the Act:

"If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) of this chapter, such charge shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.[3]

"Although dismissal is mandatory, the court retains broad discretion whether to dismiss the indictment with or without prejudice."[4] The standards for considering dismissal with or without prejudice were examined in *United States v. Cano-Silva*[5] as follows:

The Supreme Court has indicated that prejudice to the defendant occasioned by the delay should also be considered in determining whether to dismiss an indictment with or without prejudice.[6]

[T]he Speedy Trial Act provides for two varieties of penalties, both of which give the government incentives to avoid violations. While dismissal with prejudice is obviously the more severe sanction, a dismissal without prejudice still requires re-indictment, may expose the government to statute of limitations difficulties, and generally makes prosecution less likely. The fact that a violation has taken place is not alone sufficient for the application of the more severe sanction of dismissal with prejudice, which should be

---

[2]*Id.* § 3161(h)(1)(F).

[3]*Id.* § 3162(a)(1).

[4]*United States v. Abdush-Shakur,* 465 F.3d 458, 462 (10th Cir. 2006).

[5]402 F.3d 1031 (10th Cir. 2005).

[6]*Id.* at 1034-35 (citing *United States v. Taylor*, 487 U.S. 326, 333-34 (1988)).

reserved for more egregious violations. Dismissal with prejudice is a strong message indeed, and one ill-suited to an isolated and inadvertent violation.[7]

In determining whether the facts and circumstances warrant dismissal with prejudice we focus on the culpability of the conduct that led to the delay. If the violation is the result of "intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy."[8]

The facts of this case are simple.  On February 22, 2007, Bravo was served with an arrest warrant.  The service of warrant starts the thirty-day period for filing an indictment or information.  On March 6, 2007, Bravo filed a Rule 16 Discovery Request.

On March 6, 2007, the Magistrate Judge held a Detention hearing and Preliminary Hearing.  The matter was continued by joint agreement of the Magistrate, the government, and Bravo.  There were no findings made of record.

On March 20, 2007, the continued detention hearing and preliminary hearing were held.  At that continued hearing, Bravo's counsel alerted the Court and the government that he thought that there would be a motion to suppress.

On March 26, 2007, the thirty-day period expired without the filing of an Information or Indictment.  On April 3, 2007, Bravo filed his Motion to Dismiss.  On April 5, 2007, the felony Information was filed.

The government contends that there was no Speedy Trial Act violation because the following periods were excludable delay: (1) the period that the preliminary hearing was

---

[7] *Id.* at 1035 (citing *United States v. Jones*, 213 F.3d 1253, 1257 (10th Cir. 2000)).

[8] *Id.* at 1036 (quoting *United States v. Saltzman,* 984 F.2d 1087, 1093-94 (10th Cir. 1993)).

continued at Bravo's request; (2) the period following the filing of discovery request; and (3) the time following Bravo's notification that he would file a Motion to Suppress.

The Court first examines the period of the continuance of the preliminary hearing. The Court finds that the record does not show that the continuance was requested by Defendant. Further, under *United States v. Zedner*,[9] a continuance, even at the request of Defendant, is not excluded unless the Court made actual findings of record on the ends-of-justice factors.[10]

> Delay resulting from an ends-of-justice continuance is excluded from this time period, but "[n]o such period of delay . . . *shall be excludable* under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(8)(A). [11]

Under *Zedner*, findings necessary to exclude a continuance must be put on the record no later than "the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)" because the findings are necessary to determine unexcluded days.[12] In this case, there were no findings and, therefore, the period of the continuance is not excludable.

The government also argues that because the date of "a proceeding concerning a Defendant" was found to be excludable under § 3161(h)(1) in *United States v. Mobile*

---

[9] 126 S.Ct. 1976 (2006).

[10] *Id*. at 1989 (holding harmless error review is not applicable when the district court makes no findings on the record in support of a §3161(h)(8) continuance).

[11] *Id*. (quoting 18 U.S.C. §3161(h)(8)(A)).

[12] *Id.*

*Materials*,[13] and because other case law has found that continuances necessary to resolve motions are excludable, that any continuance necessary to resolve a proceeding such as preliminary hearing is excludable. This reads too much into *Mobile Materials*. At best, that case can be read to hold that the days of the hearings on continued proceedings are excluded. Even with the three days for proceedings[14] subtracted, the thirty days was exceeded.

Turning to the government's next argument, the Tenth Circuit has not ruled on the issue of whether pro forma requests for discovery under Fed. R. Crim. P. 16 are "pretrial motions" or "other proceedings" that toll the time under § 3161(h)(1)(F). There is a split of authority on the issue. The Fourth, Fifth, and Eighth Circuits and at least one Ninth Circuit case have counted discovery requests as excludable pretrial motions.[15] The Tenth Circuit, while not deciding the issue, has cited with approval case law from the Sixth, Seventh, and Ninth Circuits as follows:

---

[13] 871 F.2d 902, 913 (10th Cir. 1989).

[14] Namely, February 26, March 6, and March 20, 2007,

[15] *U.S. v. Jones,* 1998 WL 196620, *9 (4th Cir. 1998) (unpublished Order citing *United States v. Tinsley*, 800 F.2d 448, 449-50 (4th Cir. 1986)) (including motions for discovery and inspection); *United States v. Castle*, 906 F.2d 134, 137 (5th Cir.1990); *United States v. Winfrey*, 900 F.2d 1225, 1227-28 (8th Cir.1990); *United States v. Jorge*, 865 F.2d 6, 11-12 (1st Cir. 1989) (holding that government's request for laboratory results was sufficiently analogous to a motion to be treated as "other proceeding" covered by section); *United States v. Langford,* 802 F.2d 1176, 1178 (9th Cir.1986) (finding "discovery motion" excludable); and *United States v. Darby*, 744 F.2d 1508, 1518 (11th Cir. 1984) (finding discovery motions disposed of without a hearing excludable).

5

> Due to [Defendant's] concession, we need not reach the question of whether some or all of these time periods are excludable under the Speedy Trial Act. However, we note that the Sixth Circuit has held that "a pro forma request for discovery directed at the government . . . [does] not toll the speedy trial clock."[16]

This issue can be resolved by considering the difference between pro forma discovery requests and pretrial motions. The Request for Discovery filed by Bravo was the type of "pro forma" request for discovery under Fed. R. Crim. P. 16 that requires no ruling by the Court. Rule 16 specifies that certain information is subject to disclosure "upon Defendant's *request*"[17] and provides that it is the government's compliance with such requests that triggers reciprocal duties. In contrast, the Federal Rules of Criminal Procedure provide that "a party applying to the court for an order must do so by motion."[18] Thus, Rule 16 requests do not require a motion because no court order is sought. Rule 16 provides for orders only in the event a party makes a motion establishing a "good

---

[16]*United States v. Arnold*, 166 F.3d 348, 1998 WL 823064, at *3 (10th Cir. Nov. 30, 1998) (quoting *United States v. Mentz*, 840 F.2d 315, 329 (6th Cir. 1988); and citing *United States v. Johnson*, 32 F.3d 304, 306 n. 1 (7th Cir. 1994) (observing that "the time during which the defendant's discovery motions were under review is not included for purposes of the Speedy Trial Act calculation") and *United States v. Valenzuela-Hernandez*, 1992 WL 31852, at *2 n. 2 (9th Cir. Feb. 20, 1992) ("In the case of a Rule 16 motion, . . . the court never rules—and thus never takes the motion under advisement—unless a dispute arises").

[17]Fed. R. Crim. P. 16(a)(1)(a) through (f). *See also* Rule 16(b)(1)(A) through (c) (providing that if the government complies with defendant's requests, the defendant must allow "the government, upon request" specified discovery)

[18]Fed. R. Crim. P. 47(a). *See also* Rule 47(b) ("a motion must state the grounds on which it is based and the relief or order sought").

6

cause" showing that the discovery process should be restricted, deferred, or protections ordered.

The difference between pro forma requests that do not require an order and pretrial motions that do is reflected in the local rules of procedure. Pro forma Rule 16 requests are treated under DUCivR 16-1(c) providing that "a discovery *request* under Fed. R. Crim. P. 16 must be made not later than the date set by the . . . judge.  The discovery *request* must be in writing and state with particularity the material sought.  Unless otherwise ordered by the court, the party obligated to disclose under . . . Rule 16 must comply promptly but not fewer than fourteen days prior to trial."[19]

Discovery motions are treated differently.  DUCrimR 16-1(d) provides that "*motions for discovery, other than those under . . . Rule 16* must be in writing and specify with particularity the legal and factual basis for such discovery."

The Court finds that pro forma requests required under Rule 16 are not "pretrial motions" because no order is sought or required.  To hold otherwise would mean that in any case where the defense attorney makes the necessary requests for routine Rule 16 discovery from the government their client would incur an unlimited tolling of the time because such requests do not ever result in an order that would restart the Speedy Trial clock.

The Court finds that clear distinction between the kinds of Rule 16 discovery requests that are pro forma and do not require intervention of court and those that require

---

[19] DUCivR 16-1(c) (emphasis added).

an order, supports the case law holding that if no judicial intervention is anticipated, a discovery request is not a "pretrial motion" that tolls the time under § 3161(h)(1)(F). Recognizing that there is a split of authority on the issue, this Court agrees with and adopts the reasoning of the Sixth Circuit in *United States v. Mentz*,[20] and finds that Rule 16 pro forma discovery requests do not toll the time.

      The government's last argument is that a defendant's counsel's oral notification that a motion may be filed is the functional equivalent of a motion and should therefore toll the time. The Court rejects this argument. The Speedy Trial Act expressly starts the period of tolling "from the *filing* of the motion."[21] Stating that a motion may be or will be filed is merely a courtesy to the court and opposing counsel, not the functional equivalent of filing a motion.

      Accordingly, the Court finds that Speedy Trial Act was violated because the Information was not filed within the thirty-day period. The Speedy Trial Act § 3162(b) is clear that this case must be dismissed.

      Looking to the factors set forth in the statute, the Court finds that Defendant is charged with a very serious drug trafficking offense, the facts and circumstances of the dismissal reveal no intentionally dilatory conduct or pattern of neglect by the government, and that in view of the relatively short delay, the re-prosecution will not have a negative impact on the administration of the Speedy Trial Act or the administration of justice.

---

[20] 840 F.2d 315, 329 (6th Cir. 1988).

[21] 18 U.S.C. § 3161 (h)(1)(F) (emphasis added).

Examining possible prejudice to the Defendant occasioned by the delay, the Court notes that Defendant "has a burden under the [Speedy Trial] Act to show specific prejudice other than that occasioned by the original filing."[22] There is no evidence the defendant lost a crucial witness because of the delay, nor did he offer any evidence of specific prejudice other than his detention pending trial. Balancing the prejudice, the Court finds that this case should be dismissed without prejudice. It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 23) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE for a violation of the Speedy Trial Act.

DATED  August 27, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[22] *United States v. Saltzman*, 984 F.2d 1087, 1094 (10th Cir.1993).